**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEOFFREY A. THOMAS, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JEFFERY SHIELDS, husband; TEREL SHIELDS, wife, <br><br> Defendants - Appellants. | No. 23-3258 <br><br> D.C. No. 4:22-cv-00257-JCH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted May 21, 2025[**]

Before:      SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Jeffery Shields and Terel Shields appeal pro se from the district court's post-

judgment order denying reconsideration in plaintiff's diversity action alleging

breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review for an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying the Shields' motion for reconsideration of the order certifying the judgment for registration in the District of Utah and the Central District of California because the Shields did not oppose the motion for certification and did not identify error in the underlying order. *See id.* at 780 ("[A] district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment." (citation and internal quotation marks omitted)).

We do not consider the Shields' challenges to the entry of default and default judgment because the Shields failed to move to set aside the entry of default or for relief from the judgment. *See Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., LLC*, 346 F.3d 1193, 1195 (9th Cir. 2003) (observing that a party must move to set aside the entry of a default or for relief from a default judgment under Federal Rules of Civil Procedure 55(c) and 60(b) before this court will entertain an appeal).

We do not consider arguments and allegations raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**